**Raed AGHA, Plaintiff—Appellant,**

v.

**RATIONAL SOFTWARE CORPORA-TION, a Delaware corporation, Defendant—Appellee.**

No. 03–35298.

D.C. No. CV–02–00107–GMK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2004.

Decided May 14, 2004.

Richard C. Busse, Scott N. Hunt, Busse & Hunt, Portland, OR, for Plaintiff–Appellant.

Bradley F. Tellam, Allyson S. Krueger, Barran Liebman, LLP, Portland, OR, William E. Hannum, III, Schwartz Hannum PC, Andover, MA, for Defendant–Appellee.

Before GOODWIN, McKEOWN, and FISHER, Circuit Judges.

MEMORANDUM *

Raed Agha, a Kuwaiti-born immigrant of Arab descent, appeals from the district court's grant of summary judgment for defendant-appellee Rational Software Corporation ("Rational") in this Title VII action. Agha seeks a trial on his federal and state claims that he was terminated improperly due to his race. We reverse in part and affirm in part.

The parties are familiar with the facts and we recite them here only as necessary. Agha was employed by Rational from August 2000 to November 2001 as a Corporate Account Representative ("CAR"). A CAR works on a sales team with software engineers, account executives, and a field sales representative, and each team is assigned a sales quota. Within a few months of Agha's hiring, team members were reporting problems with his performance, including problems with his written English in e-mails to customers. His direct supervisor, Sales Manager Nora Drake ("Drake"), noted that Agha was tardy to meetings and in submitting reports. On the other hand, Agha was also complimented for doing a "great job" and for "always having such a great attitude." Just a few months before he was terminated, Agha

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

was recognized for turning in the most orders for the month of July and generating the most revenue for the last week of that month. On October 9, 2001, Drake gave Agha a written Performance Improvement Plan ("PIP"), which set performance goals for a 30–day probationary period. Agha failed to meet the PIP goals and was terminated on November 12, 2001.

Agha argues that he was terminated because of race-based discrimination that arose following the September 11, 2001, terrorist attacks ("9/11"). Agha proffers affidavits of two co-workers who state that Drake's behavior towards Agha changed dramatically after 9/11. The affidavits support Agha's contention that Drake's friendliness and warmth were replaced by a cold and distant demeanor. Agha testified in his deposition that in late September 2001, Drake said to him, "You can't speak Arabic at work and you can't hang around with your Arabic friends and all of your channels at home are Arabic channels and I don't like that." Drake remembers the conversation as an attempt to encourage Agha to improve his English skills so as to better his communication with customers: "the discussion was, 'If you're not taking business English classes and you're only speaking English at work for eight hours, how are you improving your English skills?'"

Agha challenges the district court's finding that the statement allegedly made by Drake was a stray comment not tied to the termination decision. At the summary judgment phase, all evidence is viewed in the light most favorable to the non-movant. *McAlindin v. County of San Diego*, 192 F.3d 1226, 1232 (9th Cir.1999). Drake's statement, standing alone, is evidence of discriminatory animus. *See Chuang v. Univ. of Calif. Davis*, 225 F.3d 1115, 1128–29 (9th Cir.2000); *Cordova v. State Farm Ins. Co.*, 124 F.3d 1145, 1149 (9th Cir.1997). The comment, as present-ed by Agha, evinces animus against his participation in the Arab–American community. Spoken directly to Agha only a few weeks before Drake's initiation of termination proceedings, the statement is sufficiently tied to the termination to be relevant to Agha's claim. *Cf. Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 918–19 (9th Cir.1996) (finding that a supervisor's comment to another employee, made sometime in the year previous to the plaintiff's termination, was "not tied directly to [the plaintiff's] layoff" and did not support an inference of discriminatory motive).

Agha presented sufficient evidence to raise a genuine issue of material fact for trial. The district court erred in dismissing his disparate treatment claim at the summary judgment phase. Agha appealed the grant of summary judgment with respect to his hostile work environment claim but conceded that claim in his reply brief. Therefore, we affirm the district court's decision with respect to that claim.

**REVERSED in part, AFFIRMED in part and REMANDED.**

Costs are awarded to Agha.